1  JOSEPH H. HARRINGTON
   Acting United States Attorney
2  Eastern District of Washington
3  Stephanie J. Lister
   David M. Herzog
4  Assistant United States Attorneys
5  Post Office Box 1494
   Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 11 2017

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:17-CR-120-TOR |
|---|---|
| Plaintiff, | INDICTMENT |
| vs. | Vio: 18 U.S.C. § 2252A(a)(2) Distribution of Child Pornography (Count 1) |
| CHRISTOPHER TURNER, | |
| Defendant. | 18 U.S.C. § 2252A(a)(5)(B) Possession of Child Pornography (Count 2) |
| | 18 U.S.C. § 2253 Notice of Forfeiture Allegations |

The Grand Jury Charges:

COUNT 1

(Distribution of Child Pornography)

Between on or about August 2, 2015, and August 15, 2015, within the Eastern District of Washington, the Defendant, CHRISTOPHER TURNER, having a prior conviction under the laws of the State of Washington relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, to wit: Rape of a Child in the Second Degree, did knowingly distribute child pornography, as

INDICTMENT - 1

defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: still image and video files depicting minor and prepubescent children engaging in sexually explicit conduct, including but not limited to actual and simulated intercourse and the lascivious exhibition of the genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2).

## COUNT 2
### (Possession of Child Pornography)

On or about September 29, 2015, within the Eastern District of Washington, the Defendant, CHRISTOPHER TURNER, having a prior conviction under the laws of the State of Washington relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, to wit: Rape of a Child in the Second Degree, did knowingly possess material which contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), the production of which involved the use of a minor who had not attained 12 years of age engaging in sexually explicit conduct, and which visual depictions were of such conduct; that had been mailed, shipped and transported in interstate and foreign commerce, and which was produced using materials which had been mailed, shipped, or transported in interstate and foreign commerce, by any means including computer, all in violation of 18 U.S.C.§ 2252A(a)(5)(B).

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in Counts 1 - 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 2253.

Upon conviction of the offense(s) alleged in Counts 1 - 2 of this Indictment, Defendant, CHRISTOPHER TURNER, shall forfeit to the United States, pursuant to

INDICTMENT - 2

1  18 U.S.C. § 2253, any visual depiction described in section 2251, 2251A, 2252,
2  2252A, 2252B, or 2260 of Chapter 110 of Title 18 of the United States Code, or any
3  book, magazine, periodical, film, videotape, or other matter which contains any such
4  visual depiction, which was produced, transported, mailed, shipped or received in
5  violation of this chapter; any property, real or personal, constituting or traceable to
6  gross profits or other proceeds obtained from such offenses; and, any property, real or
7  personal, used or intended to be used to commit or to promote the commission of such
8  offenses, or any property traceable to such property, including but not limited to:

    (1)    One (1) Homemade Desktop Computer, no serial number,
    (2)    Two (2) USB thumb drives,
    (3)    One (1) Hitachi external computer hard drive, bearing serial number JP2940HZ0TS1LC, and
    (4)    Fourteen (14) miscellaneous CDs/DVDs.

If any of the above described forfeitable property, as a result of any act or omission of the Defendant:

    (1)    cannot be located upon the exercise of due diligence;
    (2)    has been transferred or sold to, or deposited with, a third party;
    (3)    has been placed beyond the jurisdiction of the court;
    (4)    has been substantially diminished in value; or
    (5)    has been commingled with other property which cannot be divided without difficulty,

///
///
///
///
///
///
///

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b), to seek forfeiture of any other property of said Defendant up to the value of the forfeitable property described above.

DATED this 11 day of July, 2017.

A TRUE BILL

_____
Foreperson

_____
JOSEPH H. HARRINGTON
Acting United States Attorney

_____
Stephanie J. Lister
Assistant United States Attorney

_____
David M. Herzog
Assistant United States Attorney

INDICTMENT - 4